IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROBERT E. MIZELL § | |
| § | |
| v.  § | A-10-CA-452-LY |
| § | |
| UNITED STATES OF AMERICA, and § | |
| TRAVIS COUNTY § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is the file in the present case, including Respondent Travis County's Motion to Dismiss Pursuant to Rule 12(b)(6), or, in the Alternative, Motion for a More Definite Statement Pursuant to Rule 12(e) (Clerk's Doc. No. 16); the United States' Motion to Dismiss for Lack of Standing with Regard to Certain Properties and for a More Definite Statement (Clerk's Doc. No. 19); and Supplement to Motion for Return of Property (Clerk's Doc. No. 23). This case has been referred to the undersigned Magistrate Judge for report and recommendations on dispositive motions and rulings on non-dispositive matters.

I. **Factual Background**

On November 23, 2009, District Judge Lee Yeakel sentenced Robert Mizell to two concurrent thirty month sentences for conspiracy to distribute less than 50 kilograms of marijuana and laundering of monetary instruments.[1] In his judgment, Judge Yeakel also ordered forfeited Mizell's rights in a .45 caliber pistol, two magazines with ammunition, and a gun case. In a related civil action, the United States received a default judgment of forfeiture against Mizell with regard

---

[1] *United States v. Robert Mizell*; No. A-08-CR-404(2) LY, Clerk's Doc. No. 132.

to three categories of property: $100,866 in currency, two vehicles, and five televisions.² This judgment divested Mizell of his right, title, and interest in the properties forfeited.³

On June 21, 2010, Mizell sent a letter to Judge Yeakel requesting the return of property seized by the government in the criminal case. Judge Yeakel directed that the letter be filed under a new cause number and served on the Defendants. Summons were thus issued, and the Defendants served. They each filed motions to dismiss and requested that Mizell plead with more specificity. On October 25, 2010, the Court ordered Mizell to identify more clearly which items he was seeking, and which items he was not asking for. After an extension, Mizell supplemented his pleadings on December 23, 2010, specifying the items he wants returned: two laptops, documents and folders, a desktop computer, a phone, personal photos, and a passport. He explicitly abandoned any claim to the rest of the items seized by the Government.

## II.     Analysis

Although opened as a separate case and served on the Defendants, this matter is best analyzed as a motion to return property brought pursuant to FED. R. CRIM. P. 41(g).⁴ That rule states:

---

²*United States v. $100,866 More or Less in United States Currency*; No. A-08-CA-887-LY Clerk's Doc. No. 17.

³This Court addressed these items in its earlier order (Clerk's Doc. No. 20) and it incorporates its previous analysis and RECOMMENDS that the District Court DENY Mizell's motion for return of property as to the items addressed in the civil forfeiture case.

⁴The Court's August 5 order—which was issued through use of a standard form for prisoner suits—ordered service of the case on the Defendants and directed them to "answer . . . or otherwise plead as provided by Rule 12 of the Federal Rules of Civil Procedure." In retrospect, that directive was inappropriate, as this case appears to be best understood as a motion under Rule 41 of the Federal Rules of Criminal Procedure.

> **(g)** **Motion to Return Property**
>
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Court will consider Mizell's motion as made under and governed by this rule.

### III.   Recommendations

Although there were several potential issues related to some of the items seized, those issues no longer exist, as Mizell has made it clear that he is seeking neither the return of any of the items that were the subject of the forfeiture case, nor the items that the Government contends it would be improper for him to possess (grow lights, for example).  Of the items remaining in question, the Government has not provided any basis on which it would be entitled to continue its possession of these items.  ACCORDINGLY, the Court HEREBY RECOMMENDS that the District Judge GRANT Mizell's Motion for Return of Property as to the laptops, documents and folders, desktop computer, phone, personal photos, and passport.  For all remaining items originally seized by the Government, the Court HEREBY RECOMMENDS that the District Judge DENY the motion based on Mizell's abandonment of any claim to those items.  FINALLY, IT IS RECOMMENDED that the District Judge thereafter CLOSE this case.

### IV.   Warnings

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

      A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C) (2006); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      SIGNED this 24th day of January, 2011.

                                    ANDREW W. AUSTIN
                                    UNITED STATES MAGISTRATE JUDGE